UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAURICE COLLIER,

              Petitioner,

-against-

ROBERT ERCOLE,

              Respondent.
----------------------------------------------------------------X

**ORDER**

08-CV-3441

NICHOLAS G. GARAUFIS, United States District Judge.

On August 18, 2008, Petitioner filed a habeas petition challenging his August 2, 2004 conviction rendered in New York Supreme Court, Queens County for two counts of Robbery in the First Degree, two counts of Attempted Robbery in the Second Degree, and two counts of Unlawful Imprisonment in the Second Degree. See Petition at 1; People v. Collier, 35 A.D.3d 628 (App. Div. 2006). Petitioner asserts numerous claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Petitioner argues that trial counsel was ineffective for (1) submitting a request for a probable cause hearing which was denied because the factual allegations upon which it was based were not contained in a sworn document; (2) failing to submit an alibi witness notice to the trial court; (3) failing to call three witnesses on Petitioner's behalf during his second Wade hearing; (4) failing to investigate a witness that testified against Petitioner at trial; (5) failing to challenge the District Attorney's destruction and non-production of 911 reports; (6) failing to introduce evidence that two eyewitnesses did not identify Petitioner in a photo array and that another eyewitness did not identify Petitioner in a lineup; (7) failing to challenge prejudicial statements made by a police officer to three eyewitnesses; and (8) failing to introduce evidence that Petitioner's fingerprints were not found

on various items recovered at a crime scene.[1] Petitioner argues that appellate counsel was ineffective for (1) failing to argue that trial counsel should have challenged the warrantless arrest of Petitioner at his home; and (2) failing to appeal the trial court's refusal to grant two jurors' request for more evidence against Petitioner.

On October 27, 2008, Petitioner asked the court to allow him to amend his Petition to assert two grounds which he asserted in a New York Criminal Procedure Law Section 440.10 motion he filed on April 5, 2007. These two grounds are that (1) the trial court erred when it denied his request for reassignment of counsel; and (2) Petitioner's trial counsel erred when she failed to request a hearing to determine if Petitioner's warrantless arrest at his home violated his rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, applicable here pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court ("Section 2254 Rules"), a party may amend its pleading "once as a matter of course before being served with a responsive pleading." As Respondent has not yet served Petitioner with his response, Petitioner's request is granted. The Respondent is therefore directed to respond to these two additional grounds when he responds to the Petition. The Respondent should, consistent with Rule 5(b) of the Section 2254 Rules, state in his Response whether any of the grounds Petitioner raises are "barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

SO ORDERED.

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
November 7, 2008

---

[1] It is not completely clear whether Petitioner is challenging trial counsel's or appellate counsel's deficiencies with respect to issues 5 through 9.