UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAURICE COLLIER,

                ORDER

                08-CV-3441 (NGG)

                Petitioner,

-against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                Respondent.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

By letter dated November 23, 2009, pro se Petitioner Maurice Collier has asked this court to hold his § 2254 habeas corpus petition in abeyance so that he can exhaust "a constitutional speedy trial issue under C.P.L. § 30.30" in state court. (Docket Entry # 29.) This is Petitioner's second motion to stay his petition; the first was rejected because Petitioner failed to demonstrate that his petition should be stayed under the standard set forth in Rhines v. Weber, 544 U.S. 269 (2005). (Docket Entry # 28.) The instant motion is denied for the same reason.

A district court may only stay and abey a habeas petition to permit a petitioner to exhaust new claims if it determines "there was good cause for the petitioner's failure to exhaust his claims first in state court" and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 277. Petitioner's proposed speedy-trial claim is plainly meritless. "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002) (citation omitted). Petitioner alleges that he was

1

deprived of his right to a speedy trial under N.Y. Crim. Proc. Law § 30.30, a New York statutory provision. Because it arises solely under state law, this claim is not cognizable on federal habeas review. See Cooke v. Graham, No. 06-cv-3053 (DLI), 2009 U.S. Dist. LEXIS 89445, at *18-19 (E.D.N.Y. Sept. 28, 2009); People ex rel. Wesley v. Riordan, No. 05-CV-3958 (DGT), 2005 U.S. Dist. LEXIS 44758, at *2 (E.D.N.Y. Sept. 7, 2005) ("[A] claim based on CPL § 30.30 does not raise a federal constitutional claim upon which federal habeas relief may be granted."); Singh v. Fischer, 03-CV-4128 (JG), 2004 U.S. Dist. LEXIS 25926, at *4 n.4 (E.D.N.Y. Dec. 29, 2004) ("[Petitioner's] claim that the state court erred in its decision regarding his speedy trial rights under New York state law is not cognizable on [federal] habeas review."); Wilson v. Goord, No. 00-CV-4849 (LTS), 2004 U.S. Dist. LEXIS 1513, at *4 (S.D.N.Y. Feb. 6, 2004) ("[E]ven if Petitioner's statutory speedy trial right was violated, Petitioner has failed to raise a constitutional claim that is cognizable on federal habeas corpus review.").

Accordingly, Petitioner's motion to stay his habeas corpus petition and hold it in abeyance is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 27, 2010

NICHOLAS G. GARAUFIS
United States District Judge